IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL H. HOLLAND, MICHEAL W.
BUCKNER, B.V. HYLER and STEVEN F.
SCHAAB as Trustees of the UNITED MINE
WORKERS OF AMERICA 1974 PENSION
TRUST,
2121 K Street, N.W.
Washington, DC 20037

                Plaintiffs,            Civil Action No.

      v.

RED RIVER TRUCKING, LLC
155 East Main Street, Suite 300
Lexington, KY 40507

                Defendant.

**COMPLAINT FOR COLLECTION OF
EMPLOYER WITHDRAWAL LIABILITY**

Plaintiffs, Michael H. Holland, Micheal W. Buckner, B.V. Hyler and Steven F. Schaab in

their capacities as Trustees of the United Mine Workers of America ("UMWA") 1974 Pension

Plan ("1974 Plan"), by their undersigned counsel, for their Complaint against Defendant Red

River Trucking, LLC, allege, upon knowledge with respect to themselves and their action and

upon information and belief with respect to all other matters, as follows:

Jurisdiction and Venue

1.        This is an action for declaratory and injunctive relief, and for collection of

delinquent withdrawal liability payments, damages, and interest thereon incurred as the result of

a withdrawal by an employer from a multiemployer pension plan.

2.        This action arises under the Employee Retirement Income Security Act of 1974

("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980,

29 U.S.C. §§ 1001-1461 (1982).  This Court has jurisdiction over this action under Sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

3.    Venue lies in this Court under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d).

Parties

4.    Plaintiffs, Michael H. Holland, Micheal W. Buckner, B.V. Hyler and Steven F. Schaab, are Trustees of the 1974 Plan.  The Trustees administer the 1974 Plan at 2121 K Street, N.W., Washington, D.C. 20037.  The Trustees are fiduciaries with respect to the 1974 Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and are collectively the plan sponsor of the 1974 Plan within the meaning of Sections 3(16)(b)(iii) and 4001(a)(10)(A) of ERISA, 29 U.S.C. §§ 1002(16)(b)(iii) and 1301(a)(10)(A).  The Trustees are authorized to bring this action by Sections 502(a)(3) and 4301(a)(1) and (b) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1) and (b).  The 1974 Plan is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5.    Black Mountain Trucking, Inc. is or was a Kentucky corporation and engaged in the business of acquiring, producing, and/or cleaning coal and maintaining mine sites.

6.    Black Mountain Trucking, Inc. was a party to the National Bituminous Coal Wage Agreement of 1988 (the "1988 Agreement") and the National Bituminous Coal Wage Agreement of 1993 (the "1993 Agreement")(collectively the "Agreements").

7.    Pursuant to its obligations under the terms of the Agreements, Black Mountain Trucking, Inc. was a participating employer in the 1974 Plan.  Black Mountain Trucking, Inc. was obligated to and did make contributions to the 1974 Plan on behalf of its employees covered under the Agreements.  Black Mountain Trucking, Inc. permanently ceased all covered

operations under the 1974 Plan in or about April 1995.  As a result of this cessation, Black

Mountain Trucking, Inc. withdrew from the 1974 Plan in a complete withdrawal, as that term is

defined in Section 4203(a) of ERISA, 29 U.S.C. § 1383(a).

8.    Defendant Red River Trucking, LLC is or was a Kentucky corporation which is

not a participating employer in the 1974 Plan.

9.    Plaintiffs allege upon information and belief that Black Mountain Trucking, Inc.

and Defendant Red River Trucking, LLC were under "common control" on the date of

withdrawal within the meaning of Section 4001(b)(1) of ERISA 29 U.S.C. § 4001(b)(1) or

ERISA, 29 U.S.C. § 1301(b)(1), and regulations promulgated thereunder, 29 C.F.R Part 2612.

As such, Black Mountain Trucking, Inc. and Defendant Red River Trucking, LLC are a single

employer for withdrawal liability purposes and shall be collectively referred to herein as the

"Employer".

10.    As a result of its complete withdrawal from the 1974 Plan, the Employer incurred

withdrawal liability to the 1974 Plan in the amount of $72,565.45, determined under Section

4211(d)(1) of ERISA, 29 U.S.C. § 1391(d)(1).

11.    Pursuant to Sections 4202(2) and 4219 of ERISA, 29 U.S.C. §§ 1382(2) and

1399, Plaintiffs notified the Employer of its withdrawal liability by letter dated November 3,

2000.  Plaintiffs demanded withdrawal liability of $72,565.45 and offered the Employer the

option of discharging its liability in monthly payments or paying its withdrawal liability in one

lump sum.  The letter notified the Employer that if it chose monthly payments, the first payment

was due on January 12, 2001.

12.    The Employer has failed to make any withdrawal liability payments to the 1974

Plan.  By letter dated February 1, 2001, the Employer requested review of the 1974 Plan's

calculation of the Employer's withdrawal liability pursuant to Section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A).

13.    Plaintiffs, by letter dated May 17, 2007, demanded payment of all past due withdrawal liability payments, plus interest, no later than July 26, 2007.  Plaintiffs advised the Employer that unless payment was made by that date, its entire withdrawal liability of $72,565.45 to the 1974 Plan would become due and payable without further demand.

14.    The Employer has failed to make the withdrawal liability and interest payments demanded by Plaintiffs.  Accordingly, the Employer is in default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), and the entire amount of its withdrawal liability is now due and payable.

15.    The failure of the Employer to make withdrawal liability payments in accordance with Section 4219(c)(2) of ERISA, 29 U.S.C. § 1399(c)(2), has caused the 1974 Plan to sustain loss of investment income and has further caused the 1974 Plan to incur administrative and legal expenses.

16.    The Employer has failed to discharge its statutory obligations and has caused Plaintiffs to suffer immediate, continuing, and irreparable injury.  Plaintiffs are without an adequate remedy at law.

WHEREFORE, the Plaintiffs pray that judgment be entered in their favor:

(a)    Declaring that the Employer has completely withdrawn from the 1974 Plan;

(b)    Declaring that Defendant Red River Trucking, LLC was under common control with Black Mountain Trucking, Inc. on the date of withdrawal within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(B)(1), and hence a single employer for withdrawal liability purposes;

(c)     Declaring that the amount of the Employer's withdrawal liability to the 1974 Plan

        is $72,565.45;

(d)     Declaring that the Employer is in default within the meaning of Section

        4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), and that the entire amount of

        withdrawal liability set forth in paragraph (c) is due and payable to the 1974 Plan;

(e)     Ordering that the Employer pay in full the withdrawal liability as set forth in

        paragraph (c), plus interest thereon from the date such amount became due and

        owing, together with liquidated damages pursuant to Sections 502(g)(2), 515 and

        4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2), 1145 and 1451(b);

(f)     Ordering that the Employer pay Plaintiffs' attorneys' fees and costs, and other

        disbursements associated with this action pursuant to Sections 502(g)(2), 515 and

        4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2), 1145 and 1451(b); and

(g)     Ordering such other and further relief as this Court deems appropriate.

                            Respectfully submitted,


                            DAVID W. ALLEN
                            General Counsel
                            D.C. Bar No. 81638


                            _____

                            LARRY D. NEWSOME
                            Associate General Counsel
                            D.C. Bar No. 254763

_____

CHRISTOPHER F. CLARKE
Senior Assistant General Counsel
D.C. Bar No. 441708

UMWA HEALTH & RETIREMENT FUNDS
Office of the General Counsel
2121 K Street, N.W.
Washington, D.C.  20037
Telephone:  202-521-2238

Attorneys for Plaintiffs

P:\PMWIN\PUBLIC\PLD\CCLARKE\17236\197029614.doc

**I (a) PLAINTIFFS**

**DEFENDANTS**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ATTORNEYS (IF KNOWN)

---

**II. BASIS OF JURISDICTION**

(PLACE AN x IN ONE BOX ONLY)

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of
Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

| **A.** *Antitrust* | **B.** *Personal Injury/ Malpractice* | **C.** *Administrative Agency Review* | **D.** *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | **Any nature of suit from any category may be selected for this category of case assignment.**<br><br>**\*(If Antitrust, then A governs)\*** |

| **E.** *General Civil (Other)* | **OR** | **F.** *Pro Se General Civil* | |
|---|---|---|---|
| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC  7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| **G**. *Habeas Corpus/ 2255* | **H.** *Employment Discrimination* | **I.** *FOIA/PRIVACY ACT* | **J.** *Student Loan* |
|---|---|---|---|
| 530 Habeas Corpus-General<br>510 Motion/Vacate Sentence | 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | 895 Freedom of Information Act<br>890 Other Statutory Actions<br>(if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| **K.** *Labor/ERISA (non-employment)* | **L.** *Other Civil Rights (non-employment)* | **M.** *Contract* | **N.** *Three-Judge Court* |
|---|---|---|---|
| 710 Fair Labor Standards Act<br>720 Labor/Mgmt. Relations<br>730 Labor/Mgmt. Reporting &<br>   Disclosure Act<br>740 Labor Railway Act<br>790 Other Labor Litigation<br>791 Empl. Ret. Inc. Security Act | 441 Voting (if not Voting Rights<br>   Act)<br>443 Housing/Accommodations<br>444 Welfare<br>440 Other Civil Rights<br>445 American w/Disabilities-<br>   Employment<br>446 Americans w/Disabilities-<br>   Other | 110  Insurance<br>120  Marine<br>130  Miller Act<br>140  Negotiable Instrument<br>150  Recovery of Overpayment &<br>   Enforcement of Judgment<br>153  Recovery of Overpayment of<br>   Veteran's Benefits<br>160  Stockholder's Suits<br>190  Other Contracts<br>195  Contract Product Liability<br>196  Franchise | 441 Civil Rights-Voting<br>   (if Voting Rights Act) |

## V. ORIGIN

| 1 Original<br>   Proceeding | 2 Removed<br>   from State<br>   Court | 3 Remanded from<br>   Appellate Court | 4 Reinstated<br>   or Reopened | 5 Transferred from<br>   another district<br>   (specify) | 6 Multi district<br>   Litigation | 7 Appeal to<br>   District Judge<br>   from Mag. Judge |
|---|---|---|---|---|---|---|

---

## VI.  CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

---

| **VII.  REQUESTED IN<br>COMPLAINT** | CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 | **DEMAND $** | Check YES only if demanded in complaint |
|---|---|---|---|
| | | **JURY DEMAND:** | YES          NO |

| **VIII.  RELATED CASE(S) IF ANY** | (See instruction) | YES | NO | If yes, please complete related case form. |
|---|---|---|---|---|

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  Listed below are tips for completing the civil cover sheet.  These tips coincide with the Roman Numerals on the Cover Sheet.

I.        COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C.,  and 99999 if plaintiff is outside the United States.

III.      CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section **II**.

IV.      CASE ASSIGNMENT AND NATURE OF SUIT:   The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint.  You may select only <u>one</u> category.  You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.      CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.