UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL H. HOLLAND *et al.*, )
)
        Plaintiffs, )
)
v. ) Civil Case No. 08-1114 (RJL)
)
RED RIVER TRUCKING, LLC and )
RALPH FELOSI, )
)
        Defendants. )

## MEMORANDUM ORDER
(June /5, 2010) [# 13, # 16]

Plaintiffs are four trustees of the United Mine Workers of America 1974 Pension Plan ("1974 Plan"). They brought this action for declaratory and injunctive relief, as well as for collection of withdrawal liability payments, damages, and interest. Defendant Ralph Felosi ("Felosi") filed a motion to dismiss or, in the alternative, to transfer the case to the United States District Court for the Eastern District of Kentucky, pursuant to 28 U.S.C. § 1404(a).[1] For the following reasons, the Court GRANTS Felosi's motion to transfer this case.

Section 1404(a) of Title 28 of the United States Code provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been

---

[1] Defendant Red River Trucking, LLC ("Red River Trucking") has not filed a responsive pleading, and the plaintiffs have moved for default judgment against it. Given the disposition of defendant Felosi's Motion to Transfer, the Court will not issue a ruling on the Motion for Default Judgment.

brought." There is no dispute that this litigation could have been brought in the Eastern District of Kentucky. The statute vests discretion in the District Court to adjudicate motions for transfer on an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). In considering a motion to transfer pursuant to § 1404(a), the plaintiffs' choice of forum is due substantial deference, particularly in an ERISA case. *See Campbell v. Consol. Bldg. Specialties*, 683 F. Supp. 271, 272 (D.D.C. 1987). However, while the Court does give great weight to the plaintiffs' choice of this forum, it concludes that the interests of justice strongly favor the transfer of this case to the Eastern District of Kentucky.

Felosi has shown that he will be genuinely inconvenienced if this action continues in this district. Felosi is an individual defendant residing in Kentucky who lacks the resources needed to litigate a case hundreds of miles away from his residence. In addition, Felosi represents that his co-defendant, Red River Trucking, is or was always domiciled in the Eastern District of Kentucky. Plaintiffs have not indicated where they are located, and thus the Court cannot assess the relative convenience of the District of Columbia over Kentucky for them. Although the 1974 Plan is allegedly administered in the District of Columbia, all of the plaintiffs' claims about Felosi appear to relate to events that supposedly occurred in Eastern Kentucky, not the District of Columbia. As such, any witnesses that Felosi may wish to testify reside in Kentucky, and thus that

forum is more convenient for those witnesses as well.

In their opposition, plaintiffs emphasize that their choice of forum is entitled to great weight and argue that Felosi has not demonstrated how transfer would alter the cost or inconvenience to Felosi of gathering or presenting evidence. However, it is clear to the Court that Felosi's defense is predicated on witnesses and evidence located in Kentucky. As a result, he would incur much greater costs defending a case in the District of Columbia as opposed to in Kentucky, and he has indicated that those costs would likely be prohibitive to his ability to mount a defense.

In light of the above, the Court concludes that it is in the interest of justice to transfer this case to the Eastern District of Kentucky under 28 U.S.C. § 1404(a), and it is hereby

**ORDERED** that defendant's Motion to Transfer Venue [# 13] is **GRANTED**; and it is further

**ORDERED** that plaintiffs' Motion for Leave to File a Surreply [# 16] is **DENIED**; and it is further

**ORDERED** that the above-captioned case be transferred to the Eastern District of Kentucky.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge